UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.



(7)    GERMAN MILLAN-PADILLA,

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Criminal No.    22cr10060

Violations:

Count One: Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

Counts Two through Five, Seven through
Fifteen, and Nineteen through Fifty: Laundering
of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

Forfeiture Allegation:
(18 U.S.C. § 982(a)(1))

1

INDICTMENT

At all times relevant to this Indictment, unless otherwise specified:

General Allegations

1.      Colombia is one of the world's primary sources of illegal drugs, including cocaine and heroin.  Each year Colombian drug traffickers generate billions of dollars of drug proceeds. In the United States and elsewhere outside of Colombia these drugs are sold for cash, often in small denominations.

2.      To profit effectively from this illegal activity, Colombian drug traffickers must find a way to "launder" these vast sums of cash, that is, to have the funds transferred to a place and in a form that the drug traffickers can use them and in a manner that avoids detection by law enforcement.

3.      The Colombian Black Market Peso Exchange (the "BMPE") is one of the primary methods used by Colombian drug traffickers to launder their drug proceeds.   The basic BMPE scheme typically operates as follows.   In Colombia, a drug trafficker owning drug proceeds generated in the United States and elsewhere outside of Colombia contacts a third party – generally referred to as a "peso broker" – who agrees to exchange Colombian pesos he controls in Colombia for the cash drug proceeds in the United States and elsewhere outside of Colombia. Once this exchange occurs, the drug trafficker, having received Colombian pesos in Colombia from the peso broker, has effectively laundered his money and is out of the BMPE process.   The peso broker, on the other hand, must now do something with the drug proceeds that he has acquired outside of Colombia so that he can obtain more pesos to begin the BMPE process again.

4.      To do so, the peso broker uses contacts in the United States and elsewhere outside

2

of Colombia to receive the drug trafficker's drug proceeds the peso broker purchased, often arranging for criminal associates to receive the drug proceeds in suitcases or bags on the street from the drug trafficker's associates who control the money.   After the money is physically transferred, the peso broker uses additional contacts in the United States to get the drug proceeds into the United States banking system.   To avoid detection, this is often done either through cash deposits into bank accounts in company or individual names that are intended to appear to be related to legitimate business activity or through multiple deposits of small amounts of drug proceeds into different bank accounts which are then consolidated into larger accounts both in the United States and elsewhere outside of Colombia.   The peso broker, still operating in Colombia, now has a pool of drug-derived proceeds in the United States to sell to individuals or companies in Colombia and elsewhere who desire United States dollars.

5.     Persons in Colombia, either individuals or companies, who have pesos to sell – whether from legitimate sources or not – and want to exchange Colombian pesos for United States dollars at a favorable exchange rate and in a manner that avoids United States and Colombian currency exchange and income reporting requirements, then purchase the drug dollars from the peso broker.   Once the transaction is completed, the peso broker then uses his contacts in the United States and elsewhere outside of Colombia to transfer the drug proceeds he has accumulated from the drug traffickers to wherever the dollar purchaser asks them to be transferred.   Therefore, under the BMPE system, the drug proceeds can and often do end up in the accounts of individuals or companies who appear to have no direct involvement in the drug-trafficking crimes.

6.     In practice, the BMPE process often involves more than one peso broker:   in many instances, one broker has the direct relationship with the drug trafficker in Colombia and

bears ultimate responsibility for the laundering of the drug money; a second broker has the criminal associates in the United States and elsewhere outside of Colombia who can collect and accumulate the drug proceeds; and a third broker has the contacts with Colombian individuals and companies who want to sell pesos for dollars while avoiding United States and Colombian currency exchange and income reporting requirements. Irrespective of the number of intermediaries involved, however, the result of the BMPE process is the same: Colombian pesos in Colombia are used to buy United States drug dollars in the United States and elsewhere outside of Colombia.

7.     All three key parties involved in the BMPE process benefit: (a) the drug trafficker receives laundered pesos; (b) the dollar purchaser acquires cheap United States dollars while evading currency exchange and income reporting requirements in the United States and Colombia; and (c) the peso broker makes a profit from the difference in the exchange rates he uses to purchase and sell the drug dollars during the unofficial currency exchange process. Meanwhile, the BMPE process frustrates the efforts of the United States, Colombia, and other governments around the world to enforce their currency exchange and income reporting requirements, to collect taxes, tariffs, and duties owed to them, and to maintain the integrity of their financial institutions.





14. Defendant (7) GERMAN MILLAN-PADILLA ("MILLAN-PADILLA") was a resident of Colombia.





<u>Overview of the Money Laundering Conspiracy</u>

28.    From in or about October 2016 through at least in or about March 2022, the members of the conspiracy accepted contracts to arrange for the proceeds of drug trafficking to be picked up and transferred, through a series of money pick-ups (in and outside of the United States) and wire transfers, to drug suppliers in Colombia, South America.

<u>Manner and Means of the Money Laundering Conspiracy</u>

29.    Among the manner and means by which ████████████████

████████████████████████████████████

████████████████  MILLAN-PADILLA,  ████████████

████████████████████████████████████

████  and others known and unknown to the Grand Jury carried out the money laundering

6

conspiracy were the following:

a. Arranging domestic and international transfers of substantial amounts of bulk cash, which they knew were the proceeds of unlawful activity, through wire transfers and money pick-ups in the United States, Jamaica, Spain, Belize, the Dominican Republic, Canada, and elsewhere.  Each money pick-up involved the physical delivery of bulk cash drug proceeds from a coconspirator to an undercover law enforcement officer or confidential source;

b. Using verbal passcodes and dollar bill serial numbers to confirm identities before and during the money pick-ups;

c. Converting the bulk cash from foreign currency into U.S. Dollars ("USD") and integrating it into the financial system by depositing the funds into a bank account held in the District of Massachusetts; and

d. Further distributing the bulk cash, through multiple wire transfers, to various bank accounts located in the United States and Colombia and held in the names of businesses and individuals in order to repay drug suppliers in Colombia.

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

30.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

31.    From in or about October 2016, through at least in or about March 2022, in the District of Massachusetts, the Middle District of Florida, the Southern District of Florida, the Northern District of California, the Central District of California, the Southern District of New York, the Western District of Pennsylvania, the District of Puerto Rico, the Republic of Colombia, Jamaica, the Dominican Republic, Canada, and elsewhere, the defendants,



(7) GERMAN MILLAN-PADILLA,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, the physical delivery of

bulk cash and wire transfers of funds, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(b) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, the proceeds of the sale and distribution of controlled substances, where such property was derived from specified unlawful activity, that is, drug trafficking, in violation of 18 U.S.C. § 1957.

All in violation of Title 18, United States Code, Section 1956(h).

9

















COUNTS TWENTY-ONE THROUGH TWENTY-TWO
Laundering of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

46.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this
Indictment.

47.     On or about the dates set forth in each Count below, in the District of
Massachusetts, the Southern District of Florida, and elsewhere, the defendants,

(7) GERMAN MILLAN-PADILLA,

knowingly conducted and attempted to conduct financial transactions, that is, wire transfers as set
forth below, knowing that the property involved in the transactions represented the proceeds of
some form of unlawful activity, and which in fact involved the proceeds of specified unlawful
activity, that is, drug trafficking, and knowing that that the transactions were designed in whole
and in part to conceal and disguise the nature, location, source, ownership, and control of the
proceeds of the specified unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 21 | July 27, 2018 | Wire transfer in the amount of approximately $157,843.60 USD from a bank account in the District of Massachusetts to a bank account in the Southern District of Florida |
| 22 | August 6, 2018 | Wire transfer in the amount of approximately $98,000 USD from a bank account in the District of Massachusetts to a bank account in the Southern District of Florida |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

<u>COUNTS TWENTY-THREE THROUGH TWENTY-FIVE</u>
Laundering of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

48.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

49.     On or about the dates set forth in each Count below, in the District of Massachusetts, the Republic of Colombia, and elsewhere, the defendants,

███████████████████████████████████████

(7) GERMAN MILLAN-PADILLA,

knowingly conducted and attempted to conduct financial transactions, that is, wire transfers as set forth below, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 23 | March 5, 2019 | Wire transfer in the amount of approximately $80,179 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |
| 24 | March 7, 2019 | Wire transfer in the amount of approximately $181,134 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |
| 25 | March 15, 2019 | Wire transfer in the amount of approximately $196,000 USD from a bank account in the District of Massachusetts to a bank account in the Republic of Colombia |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNTS TWENTY-SIX THROUGH TWENTY-SEVEN
Laundering of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

50.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

51.    On or about the dates set forth in each Count below, in the District of Massachusetts, the Republic of Colombia, Jamaica, and elsewhere, the defendants,

████████████████████████████████████

(7) GERMAN MILLAN-PADILLA,

████████████████████████████████████

knowingly conducted and attempted to conduct financial transactions, that is, wire transfers as set forth below, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 26 | April 19, 2019 | Wire transfer in the amount of approximately $158,240 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |
| 27 | June 3, 2019 | Wire transfer in the amount of approximately $131,500 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT TWENTY-EIGHT
Money Laundering
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

52.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

53.     On or about June 13, 2019, in the District of Massachusetts, the Southern District of Florida, and elsewhere, the defendants,

█████████████████████████████████

(7) GERMAN MILLAN-PADILLA,

████████████████████████

knowingly conducted and attempted to conduct a financial transaction, that is, a wire transfer of approximately $97,050 from a bank in the District of Massachusetts to a bank in the Republic of Colombia, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT TWENTY-NINE
Money Laundering
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

54.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

55.     On or about June 7, 2019, in the District of Massachusetts, the Republic of Colombia, and elsewhere, the defendants,

███████████████████████████████████████

(7) GERMAN MILLAN-PADILLA,

knowingly conducted and attempted to conduct a financial transaction, that is, a wire transfer of approximately $30,682 from a bank in the District of Massachusetts to a bank in the Republic of Colombia, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THIRTY
Money Laundering
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

56.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

57.     On or about September 24, 2019, in the District of Massachusetts, the Southern District of Florida, and elsewhere, the defendants,

(7) GERMAN MILLAN-PADILLA, and

knowingly conducted and attempted to conduct a financial transaction, that is, a wire transfer of approximately $50,000 from a bank in the District of Massachusetts to a bank in the Southern District of Florida, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

24

COUNTS THIRTY-ONE THROUGH THIRTY-THREE
Laundering of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

58.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

59.     On or about the dates set forth in each Count below, in the District of Massachusetts, the Republic of Colombia, Jamaica, and elsewhere, the defendants,

(7) GERMAN MILLAN-PADILLA, and

knowingly conducted and attempted to conduct financial transactions, that is, wire transfers as set forth below, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 31 | September 24, 2019 | Wire transfer in the amount of approximately $100,980.80 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |
| 32 | September 25, 2019 | Wire transfer in the amount of approximately $137,000 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |
| 33 | October 4, 2019 | Wire transfer in the amount of approximately $288,000 USD from a bank account in the District of Massachusetts to a bank account located in the Republic of Colombia |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

25

COUNTS THIRTY-FOUR THROUGH THIRTY-FIVE
Laundering of Monetary Instruments; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

60.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-29 of this Indictment.

61.    On or about the dates set forth in each Count below, in the District of Massachusetts, the Southern District of Florida, and elsewhere, the defendants,

████████████████████████

(7) GERMAN MILLAN-PADILLA,

knowingly conducted and attempted to conduct financial transactions, that is, wire transfers as set forth below, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, drug trafficking, and knowing that that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 34 | November 14, 2019 | Wire transfer in the amount of approximately $83,000 USD from a bank account in the District of Massachusetts to a bank account located in the Southern District of Florida |
| 35 | November 14, 2019 | Wire transfer in the amount of approximately $128,500 USD from a bank account in the District of Massachusetts to a bank account located in the Southern District of Florida |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.





















## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

86.     Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Sections 1956(h) and 1956(a)(1)(B)(i) set forth in Counts One through Fifty, the

defendants,

(7) GERMAN MILLAN-PADILLA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),

any property, real or personal, involved in such offenses, and any property traceable to such

property.

87.     If any of the property described in Paragraph 86, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of

the defendants --

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

37

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

JARED C. DOLAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March ___16___, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK    at 3:54 PM